IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| NECOLE CUNNINGHAM, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>VERIZON WIRELESS, )<br>)<br>Defendant. )<br>) | NO. 3:20-cv-00866<br>JUDGE RICHARDSON |

## ORDER

Pending before the Court is a Report and Recommendation ("R&R") of the Magistrate Judge (Doc. No. 51), wherein the Magistrate Judge recommends that this Court grant the Defendant's Motion for Summary Judgment (Doc. No. 34, "Summary Judgment Motion") on all claims and dismiss this action. (Doc. No. 51). Plaintiff filed objections to the R&R (Doc. No. 55, "Objections"), and Defendant responded (Doc. No. 56).[1] For the reasons stated herein, the Court[2] adopts the findings of the Magistrate Judge in the R&R and grants the Summary Judgment Motion.

## BACKGROUND

Plaintiff does not dispute any of the facts as laid out by the Magistrate Judge in the R&R. As such, the Court adopts that factual background in its entirety and include them here for reference.

Necole Cunningham ("Plaintiff") is a resident of Murfreesboro, Tennessee. She began working for Cellco Partnership d/b/a/ Verizon Wireless ("Defendant")

---

[1] Plaintiff also replied to Defendant's response at Doc. No. 57. However, LR 72.02 does not give leave for a reply, and Plaintiff did not make any request upon the Court for leave to reply. Accordingly, Plaintiff's reply at Doc. No. 57 will be disregarded.

[2] Herein, the term "Court" usually refers to the undersigned district judge, as distinguished from the magistrate judge who issued the R&R.

in October 1999 and worked as a full-time Customer Service Representative ("CSR") at the Murfreesboro Call Center between 2016 and November 2018. CSRs receive calls from Verizon Wireless customers and then evaluate and resolve customer concerns over billing, account management, or troubleshooting. In this position, Plaintiff received benefits, including healthcare coverage, as well as short-term and long-term disability benefits (respectively, "STD" and "LTD"). Part-time CSRs were also employed at the Call Center, performing the same work duties but with a lesser benefit package, including a lesser, employer-paid premium amount for health care coverage.

In 2017, Plaintiff requested a leave of absence for a medical issue involving her neck. Defendant approved the leave beginning in June 2017. After several months of leave, Defendant contacted Plaintiff in March 2018 to discuss her return to work. On March 20, 2018, Plaintiff requested more leave from work after she and her physician identified a need for several weeks of additional leave before she could return to work. Defendant accommodated this request, and Plaintiff remained on leave until May 29, 2018. During this time, Plaintiff exhausted all twelve weeks of protected leave under the Family and Medical Leave Act and applied for and received both STD and LTD benefits. Defendant held Plaintiff's position open for her throughout the nearly yearlong leave of absence.

On May 29, 2018, Plaintiff requested accommodations in order to return to work. In her request, Plaintiff represented that she could "work no more than 4–6 hours per day and will need a break every 1–2 hours" and estimated that she would need six months of a reduced work schedule. Defendant agreed to temporarily allow Plaintiff to work reduced hours and to "ramp up" to working full-time hours. Defendant also allowed Plaintiff to use a special chair, computer mouse, arm rest, and sit-stand workstation. Defendant continued to classify Plaintiff as a Full-Time CSR even though she was only working part-time hours. Defendant did not promise or tell Plaintiff that her reduced work schedule would last longer than six months.

In August 2018, Plaintiff, despite her continued inability to work full-time, requested a transfer to a full-time Home-Based CSR position so that she "could be in the comfort of [her] own home" and "take necessary breaks or lay down as needed." This position allowed for a split-shift work schedule separated by an extended break. Defendant denied the request, asserting that (1) Plaintiff was still not cleared to work full-time and (2) there were not openings for this position at the time of Plaintiff's request. Plaintiff admits that the only accommodation request that Defendant ever denied was this request. Despite denying this request, Defendant permitted Plaintiff to split her part-time hours into a split-shift work schedule, whereby she worked for 2.5 hours, returned to her home for 3 hours, and returned to work for three hours.

In October 2018, Plaintiff's doctor would not clear her to work full-time and could not provide an anticipated time frame for her to return to full-time work even though that was her goal. On October 18, 2018, Plaintiff met with Marloresa Ferguson ("Ferguson") from Defendant's human resources department ("HR") to

discuss her status. Defendant proposed two options to Plaintiff in light of her inability to return to full-time work: (1) Defendant would change her job status to parttime, to reflect the hours she actually worked, and would receive lesser work benefits, including the loss of employer based health care premiums, or (2) Plaintiff would continue to receive LTD benefits based upon her full-time pay rate and benefits but would separate from employment with the option to later reapply for employment. Plaintiff was given two weeks to consider the options.

On November 2, 2018, another meeting between Plaintiff and Ferguson occurred and Plaintiff ultimately chose the LTD option. She was separated from employment that day. On November 5, 2018, Plaintiff e-mailed Ferguson about the matter, requesting to withdraw her decision to take the LTD option. The following day, Ferguson tried unsuccessfully to reach Plaintiff by phone but could not leave a message because Plaintiff's voice mailbox was full. She also sent Plaintiff a response email that day asking her to call HR. There is no evidence that Plaintiff responded to HR's e-mail or otherwise communicated with HR about the matter.

Over the next two years, Plaintiff sought various disability-related benefits by representing her ongoing inability to work. Plaintiff applied for and received Social Security Disability Insurance ("SSDI") benefits. The ALJ found that Plaintiff was "unable to perform her past relevant work" as a customer service representative. Plaintiff was found to qualify for SSDI benefits with an onset date of October 31, 2018. Plaintiff claimed she could not work in her role at Defendant, nor in other positions, throughout the benefits proceeding.

(Doc. No. 51 at 1–4) (footnotes and citations omitted).

## LEGAL STANDARD

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review de novo any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id.* Fed. R. Civ. P. 72(b)(2) provides that a party may file "specific written objections" to a report and recommendation, and Local Rule 72.02(a) provides that such objections must be written and must state with particularity the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which an objection is made.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(3), the Court has reviewed de novo the Report and Recommendation, the Objections, and the file. For the reasons set forth below, the Objections of the Plaintiff are overruled, and the Report and Recommendation is adopted and approved.

ANALYSIS

The R&R recommends that the Court grant Defendant's motion for summary judgment and dismiss the action filed by Plaintiff. (Doc. No. 51 at 1). Plaintiff objected to the findings of law of the Magistrate Judge from the R&R only insofar as they dismissed the failure-to-accommodate claim. (Doc. No. 55-1 at 2). Since Plaintiff did not timely object to her other claims of disparate treatment or retaliation, the Court begins by adopting the recommendation of the Magistrate Judge and granting summary judgment as to those two claims. *See Frias v. Frias*, No. 2:18-CV-00076, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019); *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

Plaintiff's Objections focus on the R&R's conclusion "that Verizon [i.e., Defendant] offered a part-time position, and this was a 'reasonable accommodation in light of the facts of this case.'" (Doc. No. 55-1 at 1 (quoting Doc. No. 51at 12)). Plaintiff argues that the Magistrate Judge did not have a "clear understanding of this part-time offer" and ignored the "evidence that Verizon urged Ms. Cunningham not to accept this position." (*Id.* at 2). Plaintiff's primary support for these contentions was her own deposition testimony in which she alleged that Verizon had pointed out to her that her medical bills and/or the premium on her health insurance in the part-time position

would cost more than she would make in the part-time position,[3] as well as the fact that Verizon has allegedly failed to "provide[] any information" as to how this deficit was calculated.[4]

Absent compelling reasons, parties are not allowed to raise new arguments or issues to the district judge that were not presented to the magistrate judge. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). Although Plaintiff previously contended (in her memorandum in opposition to Defendant's Summary Judgment Motion) that Verizon's accommodation was not reasonable, the reasons for this contention asserted at that time are different from the reasons she now makes (in her Objections) in support of the same contention. (Doc. No. 41). For example, Plaintiff previously contended that the choice Defendant offered Plaintiff was misleading because it was not clear to Plaintiff that one option involved termination while the other would be part-time and "have no benefits" (Doc. No. 41 at 2) and that Defendant should have offered additional leave or a modified work schedule (*id.* at 9, 15-16). In other words, the reasons she is now asserting for her contention of unreasonableness are entirely new, and for that reason the Court therefore is not required to consider them.

---

[3] The "and/or" herein is reflective of a lack of clarity in Plaintiff's argument as to what Defendant allegedly said and is not meant to reflect that Defendant itself said "and/or" in this alleged discussion with Plaintiff. This lack of clarity comes both from the deposition testimony where she started to say that Defendant attributed the deficit to her medical bills before stopping and then saying that Defendant attributed the deficit to the higher insurance premiums, (*see* Doc. No. 56 at 11 (quoting Pl. Dep. 88:16-89:3)), and from her Objections where she says both, (*Compare* Doc. No. 55-1 at 3 ("she would be in a 'deficit' due to her medical bills") *with id.* at 3-4 (discussing how Verizon allegedly represented that the part-time employment's higher premiums would land Plaintiff in a financial deficit). If the Court needed to consider the Objections on the merits (which it does not, as described herein), this uncertainty is detrimental to Plaintiff's claim, as even assuming in arguendo Defendant was required to have a health insurance premium that cost less than Plaintiff's pay, Defendant surely cannot be responsible for a deficit caused by Plaintiff's independent financial obligations.

[4] It is entirely unclear what calculations Plaintiff believes Defendant should have presented, and the contemplated calculations seem potentially to include anything from the way in which higher premiums are set for part-time employees to Plaintiff's specific plan benefits.

Nonetheless, the Court has reviewed the Report and Recommendation and the file, and even if the Court considered these new arguments, the Court would not have found them sufficient to prevent a grant of summary judgment for the reasons articulated by the magistrate judge when recommending such a grant. The Report and Recommendation is adopted and approved.

CONCLUSION

For the reasons discussed herein, Plaintiff's objections are overruled, and the Court adopts the Magistrate Judge's R&R (Doc. No. 51). Accordingly, Defendant's Summary Judgment Motion (Doc. No. 51) is **GRANTED**.

The Clerk of the Court is **DIRECTED** to enter final judgment under Federal Rule of Civil Procedure 58 and close the file.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE